## Henry Utley

*v.*

## Fanny B. Burns.

1. Change of venue—*notice required.* Where the term of court commenced June 10, and a motion for a change of venue, without any previous notice, was made on June 17, the petition stating that the knowledge of the cause for the change did not come to the applicant until since the commencement of the term, which was denied: *Held,* that the motion was properly overruled.

2. Surgeon—*degree of care and skill required.* Whatever may be the character of the injury a surgeon is called upon to treat, he is only held to employ reasonable care and skill—to exercise only that degree of skill which is ordinarily possessed by members of the profession.

3. In a suit against a surgeon to recover damages for his alleged unskillful treatment of a broken limb, the court, at the instance of the plaintiff, instructed the jury "that the care and skill a surgeon should use in the practice of his profession should be proportionate to the character of the injury he treats; and if the jury believe, from the evidence, that the injury in question was severe, and that the defendant did not treat it with such skill as its severity reasonably demanded, and that the plaintiff was injured by the want of such skill and care, they will find for the plaintiff:" *Held,* that the instruction erroneously laid down the rule of law as to the degree of skill required of a surgeon.

4. INSTRUCTION—*effect of admitting affidavit for a continuance.* Where an affidavit for a continuance on account of the absence of a witness was admitted, the court instructed the jury that they should attach no more weight "to the statements than would be attached to the statements of a witness who does not disclose his means of knowledge, and who is not subject to cross-examination:" *Held,* that the instruction was erroneous, as it contained an intimation from the court that full confidence was not due to the statements contained in the affidavit, and a suggestion that the absent witness might not have had due means of knowledge, or that a cross-examination might have impaired the credibility of the statements.

WRIT OF ERROR to the Circuit Court of Whiteside county; the Hon. WILLIAM W. HEATON, Judge, presiding.

This was an action on the case, by Fanny B. Burns against Henry Utley, to recover damages for an alleged unskillful treatment of a broken arm of the plaintiff. A trial was had, resulting in a verdict and judgment in favor of the plaintiff for $800. The defendant brings the record to this court on writ of error.

Messrs. LEFFINGWELL & JOHNSON, for the plaintiff in error.

Messrs. SACKETT & BENNETT, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action, brought by the plaintiff below, to recover from the defendant, a physician and surgeon, damages for his alleged unskillful treatment of a fractured arm of the plaintiff. The plaintiff recovered, and the defendant brings this writ of error to reverse the judgment.

It is assigned for error that the court erred in overruling defendant's motion for a change of venue. The term of the court commenced on the 10th day of June, and the motion was not made until the 17th of June. The petition stated that the knowledge of the cause for the change of venue did not come to the petitioner's knowledge until since the commencement of the term. No notice of the motion was given,

and the court properly overruled the motion to change the venue. *Hunt* v. *Tinkham,* 21 Ill. 639; *Moore* v. *Ellsworth,* 51 id. 308.

It is also assigned for error that the court erred in giving the 4th and 17th instructions for the plaintiff below, which were as follows:

"4. The court instructs the jury, that the care and skill a surgeon should use in the practice of his profession, should be proportionate to the character of the injury he treats, and if the jury believe, from the evidence, that the injury in question was severe, and that the defendant, Utley, did not treat it with such skill and care as its severity reasonably demanded, and that the plaintiff was injured by the want of such skill and care, they will find for the plaintiff."

"17. The affidavit read in evidence, in this case, in reference to the testimony of the witness Sherman, is not admitted by the plaintiff to be true, but only that if the witness were present, he would swear to the facts therein stated. There is no admission as to the witness' means of knowledge, and the truth or falsity of the statements therein contained must be judged of by the jury, in connection with all the other facts and circumstances found in the case, and no more weight attached to the statements than would be attached to the statements of a witness who does not disclose his means of knowledge, and who is not subject to cross-examination."

The 4th instruction erroneously laid down the rule of law as to the degree of skill required of a surgeon. He is not required to exercise care and skill proportionate to the character of the injury he treats, and he is not to be held liable if he does not treat a severe injury with such skill as its severity reasonably demands.

Whatever may be the character of the injury a surgeon is called upon to treat, he is only held to employ a reasonable amount of care and skill—to exercise only that degree of

skill which is ordinarily possessed by members of the profession. *Ritchey* v. *West*, 23 Ill. 385.

The 17th instruction, as respects the last sentence, is open to the objection that it contained an intimation from the court that full credit was not due to the statements contained in the affidavit for a continuance, and a suggestion that the absent witness might not have had due means of knowledge, or that a cross-examination might have impaired the credibility of the statements, and the jury might thus have been led off by the court into the field of conjecture, where they might surmise in discredit of the statements, and perhaps be led thus to disregard them altogether. The statute declares the effect of admitting in evidence, by the opposite party, an affidavit for a continuance on account of the absence of testimony, as follows: "The party admitting such affidavit shall be held to admit only, that if the absent witness was present, he would swear to the fact or facts which the affidavit states he will swear to, and such fact or facts shall have no greater force or effect than if such absent witness was present and swore to the same in open court, leaving it to the party admitting such affidavit to controvert the statements contained therein, the same as if such witness was present and examined in open court." Laws. 1867, p. 157.

The court should have done no more than to inform the jury of the effect of the admission of the affidavit as declared by the statute, without assuming to instruct the jury in regard to the weight to be attached to the statements contained in the affidavit. That was solely a question for the jury.

We regard the instructions as wrong, and that they might have misled the jury, and for that reason the judgment will be reversed and the cause remanded.

*Judgment reversed.*