88    103
112a   197

Robert McCann

*v.*

The People of the State of Illinois.

1. Change of venue—*sufficiency of affidavit.* An affidavit in support of a motion for a change of venue, by one indicted for a misdemeanor, which stated

that the presiding judge was prejudiced against him, so that he could not expect a fair and impartial trial, and that a *full* knowledge of that fact did not come to him until the day the petition was presented, is entirely insufficient, as the party may have had knowledge before then sufficient to satisfy his mind of the prejudice.

2. PRACTICE—*party must except to refusal to continue.* Unless an exception is taken to the refusal of the court to grant a continuance, the ruling below can not be reviewed by this court.

3. JURY—*charge of, by minor.* Where the court, on convening, appoints one not twenty-one years old as bailiff for the term, and he is duly sworn to take charge of a jury in a criminal case, and does take such charge, he being an officer *de facto*, his acts will be valid so far as third persons and the public are concerned, and this will be no ground for a new trial.

4. BAILIFF—*need not be of age.* There is no law in this State requiring a bailiff appointed by the court to be twenty-one years of age. A person twenty years old, or even less, may be fully competent to discharge the duties pertaining to that position.

5. CRIMINAL LAW—*judgment on conviction under several counts.* A judgment on a verdict finding the defendant guilty of selling intoxicating liquor without a license, under eight counts, that the defendant pay a fine to the people of $20, and be imprisoned ten days on each of the eight counts, and pay the costs, that execution issue for the fine and costs, and that the defendant stand committed until the fine and costs are paid, is correct in form.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

Mr. M. B. THOMPSON, and Messrs. SWEET & DAY, for the plaintiff in error.

Mr. J. K. EDSALL, Attorney General, Mr. M. W. MATTHEWS, State's Attorney, and Mr. F. M. WRIGHT, for the People.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an indictment, containing twelve counts, returned by the grand jury of Champaign county, at the March term, 1877, against Robert McCann, for selling liquor without a license. A bench warrant was issued, on which the defendant was arrested and brought into court, and moved for a change of venue, on account of the prejudice of the presiding judge.

This motion was denied, and exception taken. A motion was then made for a continuance, which was also denied, whereupon the defendant was arraigned and pleaded not guilty. There was a trial by jury, and they found the defendant guilty on the first eight counts, and not guilty as to the other counts. A motion for a new trial was denied, and also a motion in arrest of judgment, and judgment was rendered against the defendant that he pay a fine to the people of twenty dollars, and be imprisoned ten days on each of the eight counts, and pay the costs, and that execution issue for the fine and costs, and that the defendant stand committed until the fine and costs are paid.

To reverse this judgment the defendant prosecutes this writ of error, and assigns as error the refusal to grant a change of venue; in allowing the jury to retire without being in charge of a constable or other officer duly sworn; in overruling the motion for a new trial and in arrest of judgment, and in rendering judgment, for the reason the judgment is not complete on each count; and in denying the motion for a continuance.

The motion for a change of venue was based on the affidavit of defendant, that the presiding judge was prejudiced against him, so that he could not expect a fair and impartial trial; that a full knowledge of that fact did not come to his knowledge until the day the petition was presented. This was supported by the affidavit of two other citizens of the county, not of kin to the defendant, which stated the judge was so prejudiced against the petitioner that he could not have a fair trial. The State's attorney admitted that notice of the motion was given him, but not more than two hours before it was submitted. This affidavit, to say nothing of the notice, was entirely insufficient. For aught that appears, indeed giving the affidavit a fair and reasonable interpretation, the defendant had some knowledge of the prejudice of the judge long before he made the application. That he had not "full" knowledge is too indefinite, and does not comply with the law. Full knowledge might never come to him, but he had knowledge, and for

aught that appears it might have been sufficient to satisfy his mind. A similar affidavit in *White* v. *Murtland,* 71 Ill. 250, was held insufficient. The only difference in the cases is, that in the case cited the objection was to the prejudice of the inhabitants, the affidavit stating that defendant did not know that prejudice existed against him to the extent it did, until, etc. It is apparent from the affidavit, that defendant had notice of this alleged prejudice some time prior to the application for a change, perhaps a week or a month, and he should, at once, have given notice of his intention to apply for a change of venue on that account, and thus save expense and time. The motion was properly refused.

It does not distinctly appear that any motion for a continuance was entered on the record; but, be that as it may, no exception to denying the motion was taken, consequently it can not be regarded here.

The grounds for a new trial were, that the person sworn to take charge of the jury was a young man, not twenty-one years of age. It appears, this individual was appointed by the court, on convening, a bailiff for the term, and was duly sworn, as the statute requires, to take charge of the jury. There is no complaint that he did not perform his duty faithfully. By the appointment of the court he was an officer *pro hac vice* and *de facto,* and his acts as such are valid, so far as third persons and the public are concerned. The competency of this bailiff to discharge the duty imposed upon him can not be inquired into in this collateral way. We do not understand there is any law in this State requiring a bailiff, appointed by the court, to be twenty-one years of age. A person twenty years of age, or even less, may be fully competent to discharge all the duties pertaining to that position.

The motion in arrest of judgment was properly denied, as the indictment is good on its face. The judgment is correct in form, as this court has often held.

Seeing no error in the record, the judgment must be affirmed.

*Judgment affirmed.*