## MICHAEL HASKINS, Alias, etc.,
v.

## THE PEOPLE.

1. APPLICATION FOR CHANGE OF VENUE—NOTICE.—Application for a change of venue must be made at the earliest opportunity, and reasonable notice must be given the State's attorney of such intended application. Such notice can not be dispensed with unless formally waived by the party entitled to it. And it would not be sufficient to dispense with proof of notice, that the State's attorney said nothing about receiving it.

2. AFFIDAVITS AS TO APPLICATION.—Where, at the time the bill of exceptions was signed by the judge, plaintiff in error presented an affidavit showing that he first learned of the prejudice of said judge on the day before he made the application for a change of venue, although he had been arrested six weeks before, and his attorneys presented affidavits that they had given verbal notice to the State's attorney on the morning before the motion, which last affidavit was denied by the State's attorney. *Held*, that these affidavits, made long after the trial and judgment, can not be held as aiding or supporting the application for a change of venue, which had been properly overruled before such trial.

ERROR to the County Court of La Salle county; the Hon. HIRAM T. GILBERT, Judge, presiding. Opinion filed February 5, 1884.

Messrs. BLAKE & MOLONEY, for plaintiff in error; cited Hanna v. The People, 86 Ill. 244.

Mr. L. W. BREWER, for defendant in error; cited Hunt v. Tinkham, 21 Ill. 639.

Haskins v. The People.

Per Curiam. An indictment was found by the grand jury of La Salle county against the plaintiff in error charging him with a violation of the Dram Shop Act in selling liquor without a license. The indictment was filed in the circuit court on June 18, 1883, and on the next day was certified by that court to the county court for process and trial under the statute.

The county court being in regular session a capias was issued for the arrest of the defendant upon which he was arrested on the 20th of June and admitted to bail.

The cause being reached for trial on the 31st day of July at the same term of court, the defendant entered his motion for a change of venue, and filed in support thereof the following petition:

"Your petitioner, Michael Haskins, would respectfully represent unto your Honor that he is the defendant in the above entitled cause. Your petitioner would further represent that he can not have a fair and impartial trial in said cause on account of the prejudice of Hiram T. Gilbert, the judge of said court, against this petitioner. This petitioner therefore prays a change of venue in said cause."

MICHAEL HASKINS.

STATE OF ILLINOIS, LA SALLE COUNTY, ss.

Michael Haskins, the above named defendant, being first sworn, says that he has heard read the above petition by him subscribed, and knows the contents thereof, and that the same is true in substance and in fact.

(Properly subscribed and sworn to.)

He also filed the affidavits of John Devine and Michael Kelley, who state they possess the statutory qualifications to render them competent to testify in support of the defendant's application.

The court denied the motion to change the venue, and put the defendant upon trial, and being found guilty and sentenced, he sued out this writ of error, and now asks that the judgment be reversed for the error of the court in overruling his motion to change the venue.

The only ground·urged for reversal of this judgment is
that the court below refused to receive the affidavits of the
supporting witnesses, Devine and Kelley, as conclusive evi-
dence that they were reputable citizens of the county and not
of kin nor of counsel of the defendant, but allowed witnesses to
be called to contradict the statements of the affidavits in some
of these particulars.   We do not find it necessary in this case
to determine whether in so doing the court committed error
as it clearly appears upon other grounds that the court prop-
erly overruled the motion.

There was no reason shown to the court why the applica-
tion was not made at an earlier day.   For aught that appears
upon the hearing of the motion, the defendant knew of the
alleged prejudice of Judge Gilbert on the day that he was ar-
rested, some six weeks before making the application.   The
rule is, that such applications must be made at the earliest
opportunity.   Bryson v. Crawford, 68 Ill. 362; T. W. & W.
Ry. Co. v. Maxfield, 72 Ill. 95; P. & R. I. Ry. Co. v. Mitchell,
74 Ill. 394; Hudson v. Hanson, 75 Ill. 198; McCann v. The
People, 88 Ill. 103; Utley v. Burns, 70 Ill. 162.

It appears from the bill of exceptions that at the time the
court overruled the motion, there was no proof that any notice
had been given the State's attorney of the intended applica-
tion and that nothing was said about notice by either party.
The statute positively requires that reasonable notice shall
be given.   Ch. 146, R. S., Sec. 23; Hunt v. Tinkham, 21 Ill.
640; Moore v. Ellsworth, 51 Ill. 308; and such notice can not
be dispensed with unless formally waived by the party enti-
tled to it.   Marble v. Bonhotel, 35 Ill. 240.

It would seem from this case that it would not be sufficient
to dispense with proof of notice, that the State's attorney said
nothing about receiving it.   This being the state of the record
the court properly overruled the motion.   Graves v. Shoefelt,
60 Ill. 462; Utley v. Burns, *supra.*

It is true that at the time the bill of exceptions was set-
tled and signed by Judge Gilbert, the plaintiff in error then
presented an affidavit showing that he first learned of the
prejudice of the judge on the day before he made the applica-

tion, and also affidavits of his attorneys that they had given verbal notice to the State's attorney on the morning before the motion was made which last affidavits were denied by that of the State's attorney. These affidavits made long after the trial and judgment can not be held as aiding or supporting the application for a change of venue which had been properly overruled before such trial, and we can not consider them as in any manner tending to show error in the action of the court in the regard complained of.

The judgment of the county court will be affirmed.

Judgment affirmed.