| 16 | 333 |
| 69 | 250 |

## JEFF. McWILLIAMS
### V.
## COUNTY OF RICHLAND.

1. PRACTICE—OBJECTION MADE TOO LATE.—Where plaintiff accompanied his claim by affidavit of merit, and defendant did not verify his plea of non-assumpsit by affidavit. *Held*, that as plaintiff did not move in the court below for judgment, as in case of default, or to strike the plea from the files, but formally took issue thereon and went to trial, he has waived his rights in that respect, and can not now object.

2. DEPUTY SHERIFF—SUIT FOR SERVICES AS BAILIFF.—Plaintiff was duly appointed and served as bailiff of the circuit court. To an action of assumpsit for such services it was objected that he was a deputy sheriff at the time. *Held*, that if the sheriff was personally in attendance on the court, or by a deputy other than plaintiff, and the services in question were rendered by plaintiff in the capacity of a constable or bailiff, he has a right of action against the county.

3. ALLOWANCE BY BOARD TO SHERIFF—FORM OF WORDS.—The mere form of words used by the board of supervisors in making the allowance for the sheriff under section ten, article ten, of the constitution, is not deemed essential to its validity.

4. COMPENSATION OF DEPUTY SHERIFFS.—The matter of the compensation and mode of payment of a deputy sheriff is wholly a matter of contract and arrangement between the sheriff and the deputy. An instruction that if the jury believe from the evidence that plaintiff was deputy sheriff at the time the services sued for (as bailiff of court) were rendered and contracted with the defendant (the county) to serve for $300 a year as such, and that the services sued for come under the head of the duties of a deputy sheriff, then, etc. *Held*, erroneous, in being based on a false theory of a contract between plaintiff and defendant, and in submitting a question of law to the jury.

APPEAL from the County Court of Richland county; the Hon. PHINNEY D. PRESTON, Judge, presiding. Opinion filed April 6, 1885.

Messrs. ALLEN & FRITCHEY, for appellant.

Mr. R. B. WITCHER, for appellee.

BAKER, J. This was assumpsit by appellant against the county of Richland, for seven days services at $2.50 per day as bailiff, at the November term, 1884, of the Richland Circuit Court. The verdict and judgment were for defendant. A preliminary point is made, that as plaintiff filed with his declaration an affidavit, showing the nature of his demand and the amount due, and defendant filed no affidavit of merits with its plea, the judgment should have been for appellant for the amount claimed.

Plaintiff did not move in the court below for judgment as in case of default, or to strike the plea from the files, but formally took issue thereon and went to trial, and he must be held to have waived his rights in that respect, and can not now object the plea was not verified by affidavit.

It seems to be admitted that appellant was duly appointed and served as bailiff as claimed by him, but it is objected to his right of recovery, that he has, since 1882, been a duly and regularly appointed deputy sheriff of the county, and was such

McWilliams v. Richland.

at the time the services sued for were rendered. There was given in evidence an order of the board of supervisors made in 1882, and showing that, on motion, the salary of the deputy sheriff was fixed at $300 per annum for the ensuing term.

The court instructed the jury, that if they believed from the evidence that the plaintiff was deputy sheriff at the time the services sued for were rendered, and contracted with the defendant to serve for $300 a year as such, and that the services sued for come under the head of the duties of a deputy sheriff, that then they should find for the defendant.

We do not understand the evidence as showing, or tending to show, a contract between the plaintiff and the defendant, to the effect that plaintiff would serve as deputy sheriff for $300 a year, nor do we understand that it is within the power of the board of supervisors to appoint, or make contracts for the services of deputy sheriffs. The sheriff alone is authorized to appoint deputy sheriffs. R. S. Chap. 125, sections 7, 8 and 9. Such deputy may perform any and all of the duties of the sheriff, but they are performed in the name of the sheriff, and his acts are held to be the acts of the sheriff, and the sheriff is personally liable for any wrongful acts, and for any neglect or omission of duty on the part of his deputy. Chap. 125, sections 12 and 13.

The matter of the compensation of the deputy and the mode of its payment, is wholly a matter of contract and arrangement between the sheriff and the deputy; the law has not assumed to regulate it. If the sheriff sees fit to give his entire compensation and allowances, and even more, to the deputy, as a consideration for his services, neither the board of supervisors, nor any one else, has a right to complain. The law nowhere gives the board authority to fix the salary of a deputy sheriff. The tenth section of article ten of the constitution does, however, impose upon the board the duty to fix the " compensation " of the sheriff, with the amount of his necessary " clerk hire, stationery, fuel and other expenses," and an allowance for deputy hire properly falls within the purview of this provision.

The mere form of words used in making the allowances, is

not deemed essential to its validity. In People v. Gregory, 11 Bradwell, 370, an allowance of $1,500 to the sheriff " to pay his deputies," was held as intended to cover " clerk hire, stationery, fuel and other expenses;" and in Jennings v. Fayette county, 97 Ill. 419, the allowance was $800 per year for " pay of deputies," and in that case it was expressly held the county was not liable for such allowance any more than it was for the sheriff's compensation or salary, and that the only effect of the order was to allow the sheriff to retain, in addition to his compensation, so much as might be necessary for an additional sum of $800 for pay of deputies, if fees sufficient were collected.

The only item of the order of the board made in 1882 that is in evidence in this case, is the item we have mentioned, and which states that the salary of the deputy sheriff was fixed at $300 per annum. But, as we have seen, the board had no power to fix the deputy's salary. However, we must disregard the mere form of words, and hold this order was, in substance, an allowance to the sheriff of $300 a year toward paying his deputies, should the expenditure of as much as that become necessary, to be paid, however, only out of fees collected. The order was in no sense a contract, or the basis of a contract, between the county and whoever might be appointed deputy by the sheriff thereafter to be elected.

The sheriff takes his office *cum onere;* he is bound to perform its duties either in person or by deputy; is responsible for both malfeasance and nonfeasance in such performance; not only his compensation, but the expenses of his office for deputy hire, clerk hire, stationery, fuel or otherwise, are payable only out of fees collected, and even out of such fees only to the extent fixed by the county board; and he is only allowed to charge fees to the amount and in cases allowed by law.

The nineteenth section of the Sheriffs Act, R. S., Chap. 125, provides, in express terms, that each sheriff shall, in person or by deputy, attend upon all courts of record held in his county when in session, and obey the lawful orders and directions of the court. This duty, thus imposed upon him by the statute, may be well performed, either by his personal attendance or

that of his deputy, and such attendance of the deputy would, in law, be held to be the attendance of the sheriff. The sheriff would be bound to so attend the court, even though no fees or compensation were allowed him therefor; but, all that the statute requires of him in that behalf is, that either he himself be personally present, or that he be present by deputy— one deputy; it does not impose upon him the burden of attendance both in person and by deputy, or of attendance by two or more deputies, and of paying such additional deputy or deputies either out of his personal compensation or private means, or out of the sum fixed by the board for the expenses of his office. The Fees and Salaries Act, section 19, does, however, grant him, for attending circuit court, either in person or by deputy, a fee of three dollars per day, to be allowed and paid out of the county treasury; such fee, of course, to be reported and accounted for in his semi-annual reports.

It is plain, that the business and the practice of the circuit court is such, that it would be wholly impracticable such court could properly perform the functions imposed upon it, with but a single sheriff or deputy in attendance, and without constables or bailiffs to assist. In very early times there were bailiffs to attend the judges and justices at the assizes and quarter sessions. 1 Blackstone, 345. To meet a like necessity, a like custom and practice has always prevailed in this State. The power of the circuit court to appoint bailiffs to serve at the term, is fully recognized in the case of McCann v. The People, 88 Ill. 103; and it is provided in section 5, chapter 16, R. S., that no bailiff shall be permitted to be special bail; and it is the plain intendment of section 41 of chapter 53, that constables may be required to attend on the circuit court; and their per diem therefor is fixed, and is provided to be paid out of the county treasury.

We think the question of the liability of the county to the plaintiff in this action depends altogether upon the capacity in which he performed the services for which the suit is brought. As matter of course, whether the services rendered were in the capacity of deputy sheriff, or in that of constable or bailiff, they would be of like character; the duty, in either

event, would be to attend upon the court as an executive officer and obey its lawful orders and directions, in furtherance of the transaction of business coming before it for disposition. If plaintiff was present in the capacity of deputy sheriff, and in conformity with the requirement of the statute that the sheriff in person, or by deputy, should be in attendance, then his attendance was to all intents and purposes the attendance of the sheriff, and he has no right of recovery in this suit. In such case, the sheriff would be entitled to a fee of $3 for each day of such attendance; and the deputy would have to look to his principal for compensation, while that principal would have to account in his reports for the fees so collected, and whatever he might pay the deputy in that behalf would necessarily be a component part of the $300 allowed by the board for deputy hire; and it would also follow, that if the amounts so paid by the sheriff for such attendance, resulted in bringing up the amount expended by him for deputy hire, to a sum greater than that allowed by the order of the board, then the excess would be the loss of the sheriff. If, however, the sheriff was personally in attendance on the court, or by a deputy other than plaintiff, and the services in question were rendered by the plaintiff in the capacity of a constable or bailiff, then, and even though he was a regularly appointed deputy sheriff, he has a right of action against the county. The substance of the whole matter is this: that as respects attendance on the circuit court, the only burden or charge imposed on the sheriff by the statute, is his attendance in person, or by one deputy; and to that extent, and to that extent only, did, or could attendance on the court enter into consideration as an element, when the county board fixed the compensation of the sheriff, and his allowances for deputy hire and other expenses. The instruction of the court was erroneous; it was based on the false theory of a contract for services as deputy sheriff between plaintiff and the county, and it also submitted a question of law to the jury.

The judgment is reversed and the cause remanded.

Reversed and remanded.