# COUNTY OF LA SALLE

## v.

# WILLIAM R. MILLIGAN.

*Sheriffs—Fees and Expenses—Recovery of—Illegal Payments by County Treasurer.*

In a controversy involving accounts between a county and its sheriff, it being sought by the former to recover a large sum alleged to have been illegally paid the latter, and by him an amount claimed to be due for fees and expenses, this court declines to interfere with a judgment in his behalf.

[Opinion filed February 8, 1890.]

APPEAL from the Circuit Court of La Salle County; the Hon. GEORGE W. STIPP, Judge, presiding.

Messrs. MOLONEY & STEAD and BREWER & STRAWN, for appellant.

Messrs. MAYO & WIDMER and THOMAS C. FULLERTON, for appellee.

*Per Curiam.* This is a case where the sheriff, who is the appellee, sued the appellant, to recover a balance claimed to be due him for fees, as he claims, and expenses of his office; and the appellant, in a separate suit instituted against him, seeks to recover for a large amount of money claimed by it to have been illegally paid out of the county treasury to him on account of fees and salary. The two cases were consolidated by agreement, and a jury waived and the cause tried by the court, resulting in a finding and judgment against appellant for the sum of $1,891.89. The record is very voluminous, and involves all the transactions and accounts of the sheriff's office and the county for four years, amounting in the aggregate to over $90,000. The appellant claims that the county has paid out, on account of the sheriff's office, some $30,000 or $35,000

more than the collected earnings of the office. On the other hand, appellee claims that it has not, and that there is a large balance due him, and that the county, having made settlement of the accounts with him from time to time on a full, honest statement of the facts with him, are estopped from going behind these settlements and collecting the money back. There are some of the claims of the county against the appellee that we think are not legitimate expenses of the sheriff's office. For instance, the dieting of the prisoners, which, by the statute, is required to be done by the county, and to be paid for out of the county treasury, without regard to whether the sheriff's office earns and collects a sufficient amount of money to pay for it. This is not to be regarded as a part of the expenses of the sheriff's office.

Of a like nature are other expenses required by the statutes and law to be paid by the county without reference to the emoluments of the office. The expenses of the bailiffs are of this class. McWilliams v. The County of Richland, 16 Ill. App. 333. If the sheriff pay such claims he has a right to be reimbursed by the county without charging it to his expense account. Of like nature is the jailer's salary where the county voluntarily assumes to pay it. People v. Foster, decided and the opinion filed at Springfield, Illinois, by Supreme Court. The same may be said for expenses of jail guard, guarding jail, washing for prisoners, mending for prisoners, and attending sick prisoners, and the like. None of these properly belong to the expense account of the sheriff. These, then, were properly excluded and must be regarded as proper payments without regard to the emoluments of the office. Then there should be added to the emolument and collected accounts of the sheriff, all such services done by the sheriff for the county where the county is required by statute to pay for such services, and such as it may pay and allows, and this would include such items as summoning jurors and costs in criminal cases where there is an acquittal, and the like cases, per diem for attending the different courts, expense of conveying convicts and the like. Foster case, *supra*. It appears to be held by the Supreme Court in the Foster case cited, that where the county board has full knowledge of the items

allowed without any fraud on the part of the sheriff, and allows them on account of a mistake of law, that such an allowance and payment can not be recovered back. Several items should be allowed on this basis and credited to amounts received for fees earned, such as summoning witnesses before the grand jury in criminal cases and the like. Thus, rejecting some items on the principles above stated from the sheriff's expense account and crediting the receipts for fees earned as above indicated and adding them to the $13,525.40 actually collected, we have enough to balance the amount of money received by the sheriff from all sources. Then there only remains the question whether the sheriff has received the full amount of his earnings by way of salary and legitimate expenses.

From the intricate mass of figures and accounts, and being governed by the decision in the Foster case alluded to as to the rules of law, we are unable to say that the finding of the court below was not justified by the evidence. The principles announced in Marion County v. Lear, 108 Ill. 343, that the earnings in criminal cases where allowed by law and required to be paid can not be added to the earnings and receipts accruing from other sources to make a fund out of which the *expenses* of the sheriff's office may be lawfully paid where the other receipts do not cover it, but may be so done as to the *salary* alone of the sheriff proper, would work monstrous injustice in this case; but we understand that the Foster case, which is later, announces an entirely different rule and adopts a more liberal construction of the statute. In justice to appellant's attorneys we must say that they do not claim such construction of the statute as announced in 108 Illinois.

According to the principles of estoppel and the other principles announced in the Foster case, and with some hesitation on account of the many important questions involved, we are inclined to hold that the judgment of the court below was justified by the evidence. If there are any doubts, it were better that this case should go directly to the Supreme Court, where all the questions can be authoritatively settled without further delay and expense. The judgment is therefore affirmed.

*Judgment affirmed.*