## C. W. HAHL

*v.*

## B. E. BROOKS.

*Opinion filed December 22, 1904.*

1. FRAUD—*what not necessary to maintain action for deceit to recover amount of encumbrance.* To maintain an action of deceit for amount of an encumbrance upon property falsely represented to be unencumbered, it is not essential that plaintiff shall have removed the encumbrance or that his title shall have been swept away thereby.

2. SAME—*when principal is responsible for an agent's fraud.* A land owner who refers a prospective buyer to his agent for information as to the title, representing him to be a reliable man, is responsible for the false representations of such agent with respect to the title.

3. EVIDENCE—*what is competent in action for deceit—damages.* In an action of deceit to recover the amount of an encumbrance upon land falsely represented to be unencumbered, proof of the value of the land is proper, since the measure of damages is the amount of the encumbrance if it is less than the value of the land.

4. APPEALS AND ERRORS—*when party cannot object that fact is not proved.* One cannot complain, on appeal, that a fact was not proved if proper proof thereof was prevented by his objection.

APPEAL from the Appellate Court for the Third District;—heard in that court .on writ of error to the Circuit Court of Coles county; the Hon. M. W. THOMPSON, Judge, presiding.

A. C. ANDERSON, and CHARLES C. LEE, for appellant.

CRAIG & KINZEL, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion. of the court:

B. E. Brooks recovered a judgment in the circuit court of Coles county against C. W. Hahl and T. H. Montague for the amount of an encumbrance on six hundred and five acres of land in Harris county, Texas, in an action on the case for fraud and deceit in representing the land to be unencumbered. Upon a writ of error from the Appellate Court for the Third District the judgment was affirmed, and C. W. Hahl appealed from the judgment of the Appellate Court.

The defendant Montague appeared but did not plead to the action, and the defendant Hahl filed a plea of not guilty. After the plaintiff had introduced his evidence, the defendant Hahl asked the court to give an instruction directing the jury to return a verdict of not guilty, but the court denied the motion. No evidence was offered by the defendants, and the question whether the court was right in refusing to give the peremptory instruction and submitting the issue to the jury is the only one in the case.

The evidence on the part of the plaintiff was to the following effect: Plaintiff, a resident of this State, went to Texas with the defendant Montague and was shown the land in question by Montague, as agent for Hahl. Plaintiff offered to trade three horses which he had at home to Hahl for the land and to give a note and mortgage for $1040 on the north three hundred acres. He was to have a warranty deed

and perfect title. The offer was accepted, and plaintiff went to find Mr. Hayes, an attorney from Illinois, to examine the title. He did not find Mr. Hayes, and came back and told Hahl that he would have to be assured by some good man that the title was all right. An abstract was to be furnished, and Hahl said that it was with L. B. Moody, who was a good, reliable man; that he could go to Moody and he would tell him the facts. Plaintiff went to Moody, who told him that he had examined the abstract before but would examine it again. He pronounced the title good, and told plaintiff the land was unencumbered except by taxes. Moody held the title to the land in trust for Hahl and a deed was made out from Moody to plaintiff. It was geting late and the deed was handed to plaintiff in a rather dark room. He could not read well and asked Hahl to read the deed. He read it, but did not read anything about a mortgage. Plaintiff then handed the deed to Montague and asked him to read it, and Montague read it in the same way. The land was subject to a purchase money mortgage of $2117.50 and the deed was made subject to that mortgage. Whether the deed was mis-read or the clause with reference to the encumbrance was inserted afterward does not appear. Plaintiff gave his note for $1040, secured by trust deed, and executed a bond for $2000 to deliver the horses at his home.

It is contended that the evidence did not fairly tend to prove the cause of action, because it did not show that the plaintiff relied upon the false representations and was deceived by them. Such a proposition as that cannot be sustained. Plaintiff made the trade for unencumbered land and depended upon the false representations of the defendants and Moody, the agent and trustee for Hahl.

It is also argued that the plaintiff could not recover until he had removed the encumbrance or his title had been swept away by it. We know of no authority for that proposition. Plaintiff suffered damages to the amount of the encumbrance if the land was sufficient security for it. The amount of the

damages was fixed and determined and the right of action accrued at once.

But it is said that plaintiff failed to show the value of the land and that it was not more than the encumbrance; that it was necessary to prove the value of the land, because otherwise it could not be determined how much the damage was. Plaintiff attempted to prove the value of the land, but the defendants objected and the objection was sustained. It would have been proper to prove the value for the reason that the measure of damages is the amount of the encumbrance if less than the value of the land. (14 Am. & Eng. Ency. of Law,—2d ed.—185.) But appellant cannot be heard to object that a fact was not proved where the proof was prevented by his objection.

Appellant, Hahl, was responsible for the false and fraudulent representations made by Moody within the scope of his agency and because he referred the plaintiff to Moody for information as to the state of the title. He was as much responsible for the falsehood and fraud as if he had been guilty of them personally. (14 Am. & Eng. Ency. of Law, —2d ed.—156.) ) The evidence also proved that he was directly guilty of fraud himself in either falsely reading the deed or making an addition to it afterward.

Appellee moves the court to award damages because the appeal was taken for delay, and that motion will be allowed. We cannot see how there could have been any hopes of obtaining a reversal of the judgment, and ten per cent on the amount of the judgment will be assessed as damages.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*