## The County of Carroll v. George S. Durham.

### Gen. No. 4,435.

1. PAROL EVIDENCE—*when competent to aid return upon venire.* In an action by a special bailiff to recover fees for serving a venire, it is competent for him to aid his return, where uncertain, by parol evidence.

2. RETURN UPON VENIRE—*when insufficiency of, cannot be urged.* The insufficiency of the return upon a venire cannot be questioned in an action brought to recover fees for the service of such venire, where the defendant has improperly caused parol evidence to aid such return to be excluded.

3. CONSTABLE—*power of Circuit Court to require service of.* There is now no law in force in this State which empowers the Circuit Court to compel a constable to serve its writs and to attend upon its juries; nor is there any law which imposes upon a constable any such duty.

4. SPECIAL VENIRE—*compensation to which constable serving, entitled.* A constable appointed a special bailiff to serve a venire is entitled to recover by way of compensation therefor the fees prescribed by statute to be paid to a sheriff serving such a writ. A constable likewise performing the services of a special bailiff in attending upon a court, is entitled to the same compensation as that provided for sheriffs when performing such functions. Nor is the payment of such compensation in any wise contingent, as in the case of sheriffs.

VICKERS, J., dissenting.

County of Carroll v. Durham.

Action of assumpsit. Appeal from the Circuit Court of Carroll County; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed April 25, 1905.

FRANKLIN J. STRANSKY, for appellant.

RALPH E. EATON, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

During the impanelment of a jury in the case of The People against Estelle and others in the Circuit Court of Carroll County, the regular panel of the petit jury was exhausted by challenges. The court ordered a venire to issue for fifty persons having the qualifications of jurors, to fill the panel for that trial. The defendants objected to the service of said writ by the sheriff. The court then appointed George S. Durham a special bailiff to serve said writ, and he served it, and afterward brought this suit against the county of Carroll to recover the fees and mileage to which he claimed to be by law entitled for that service. He recovered a verdict and a judgment for $50.30, from which the county prosecutes this appeal.

Section 19 of the act of March 29, 1872, relating to Fees and Salaries (being chapter 53 of the Revised Statutes of 1874), is headed, "Sheriff's Fees," and contains the following: "For summoning each juror in counties of first class, fifty cents; second class, thirty cents; third class, twenty cents; with five cents mileage each way in all counties." Carroll county is in the first class. Section 13 of chapter 78 of the Revised Statutes relating to jurors, enacts that when, by reason of challenge in the selection of a jury for the trial of any cause the regular panel shall be exhausted, "the court may direct the sheriff to summon a sufficient number of persons having the qualifications of jurors to fill the panel for the pending trial; but, upon objection by either party to the cause to the sheriff summoning a sufficient number of persons to fill the panel, the court shall appoint a special bailiff to summon such persons; provided, the same person shall not be appointed special bailiff more

than once at any term of court." Plaintiff introduced the writ directed to him, and his return thereon, showing service upon fifty persons, for which service he charged upon the writ $25, and also showing rather blindly that he had traveled 506 miles in serving the writ, for which he charged upon the writ $25.30 for mileage, making a total of $50.30. Plaintiff was a witness in his own behalf, and was asked by his counsel what he did in reference to serving that writ. Defendant objected upon the ground that the return should show how he executed the writ, and that it could not be explained by parol. The court held with defendant, and plaintiff's counsel then elicited from the witness that his return on the writ was true and correct as to the number of miles and as to the names and numbers of persons served, and that he did the work. While we are of opinion that in this suit the return was not conclusive and that the lack of definiteness as to the number of miles traveled by plaintiff in serving the writ should have been aided by parol proof on that subject, yet as defendant kept out such proof by its objection, we think it should be held that the return and the oral proof which was admitted sufficiently shows that he traveled 506 miles in serving the writ. Hahl v. Brooks, 213 Ill. 134. The court instructed the jury that if plaintiff was so appointed special bailiff to summon persons to serve as jurors in said court, and under authority of such appointment did summon persons to act as jurors, then he was entitled to recover from defendant fifty cents for each person served, together with five cents mileage each way traveled in serving each person so summoned. The verdict followed the proof and said instruction, and if such special bailiff is entitled to the fees prescribed by the statute for the performance of like services by a sheriff, then the verdict and judgment should stand.

Defendant showed by plaintiff on cross-examination that at the time he was so appointed special bailiff he was a constable of the town of Woodland in said county, but the court, on motion of plaintiff, excluded that answer. Defendant sought to prove that fact affirmatively in making

its case, but the court sustained an objection thereto. Section 41 of said Act of 1872 relating to "Fees and Salaries" reads, in part, as follows: "The fees of constables in counties of the first and second class, for any service to be rendered by them, shall be as follows: *  *  * For each day's attendance in the Circuit Court when required, to be paid out of the county treasury, two dollars and fifty cents." Plaintiff performed the service in question in two days. Defendant claims that plaintiff was a constable attending in the Circuit Court, and that under the statute just quoted he was entitled to $2.50 per day for that service, and no more; and after the suit was begun, it tendered him $7.05, the total costs then due in the case, and $5 as his compensation for the two days' time spent in serving said venire, and $10 in addition, and kept said tender good by bringing the money into court; and sought to plead said tender, though the sufficiency of the pleading is questioned. The first question is, therefore, whether, if defendant had been permitted to prove that plaintiff was a constable at the time he was selected to perform those services, it would have followed that it was his official duty to execute the writ, and whether in such case the compensation fixed therefor by law was $2.50 per day. Section 55 of the Act of 1827 concerning "Justices of the Peace and Constables" (Revised Laws of 1833, page 400), made it the duty of the clerk of the County Commissioners Court to notify the sheriff whenever a person was appointed and qualified as constable, and required the sheriff to keep a list of the constables within his county and to summon four constables (if necessary) of his county to attend at each term of the Circuit Court, taking them in rotation; and required constables so summoned to attend and act under the sheriff as his deputies during the sitting of such court, under penalty of being fined for contempt of court for failing to attend or refusing to act. The Act of 1827 in relation to fees (Revised Laws of 1833, p. 294), gave constables a *per diem* to be paid out of the county treasury for "each day's attendance on the Circuit Court when required." These

acts were repealed by chapter 90 of the Revised Statutes
of 1845. The same provision substantially, requiring the
sheriff to summon constables to attend each term, and re-
quiring constables so summoned to attend, was re-enacted
in section 87 of chapter 59, entitled "Justices of the
Peace and Constables," in the Revised Statutes of 1845
(Revised Statutes of 1845, p. 329). The same provision for
a *per diem* to be paid constables out of the county treas-
ury for "each day's attendance on the Circuit Court when
required," was embodied in section 19 of chapter 41,
entitled, "Fees and Salaries," of the Revised Statutes of
1845 (Revised Statutes of 1845, p. 247), and in section 41
of the Act of March 29, 1872, entitled, "Fees and Sal-
aries" (now known as chapter 53 of the Revised Statutes
of 1874), the compensation having been increased to $2.50
per day. The statutory provision which had been in force
from 1827 requiring constables, when summoned by the
sheriff, to attend the Circuit Court and act under the
sheriff as his deputies during the sitting of the court, was
still in force when the provision giving constables fees for
attendance on the Circuit Court, when required, was re-
enacted in 1872; but the law requiring such attendance
was repealed in 1874, and was not re-enacted. The fee
remained, but there was no longer a statute under which
constables could be required to perform the service. Said
Act of 1872, as embodied in chapter 53 of the Revised
Statutes of 1874, is entitled, "An Act concerning Fees and
Salaries and to classify the several counties of this state
with reference thereto." The provision in the Act of 1872,
for paying constables for each day's attendance in the Cir-
cuit Court when required, was for paying them for a
service which a law then in force made it their duty to
perform, but it did not profess to confer upon any court or
officer power to require the attendance of constables in the
Circuit Court, and if it did so provide that would not be
within the title to that act. There is no statute in force
in this State since 1874, so far as we are advised, by which
constables can be required to serve in the Circuit Court.

County of Carroll v. Durham.

Section 15 of division 13 of the Criminal Code in force since 1874, provides that when the jury retires to consider their verdict in any criminal case a constable or other officer shall be sworn to attend the jury and keep them together, and return them into court when they have agreed upon their verdict; but that statute contains nothing which compels a constable to render that service. We conclude, therefore, that if the court had permitted proof that plaintiff was a constable of Carroll county, that would not have shown that the Circuit Court had power to compel him to serve the writ in question, or that the serving of said writ was a duty imposed upon him by law by virtue of his office of constable. The expression in McWilliams v. Richland County, 16 Ill. App. 333 (on p. 337), that it is the plain intendment of section 41 of chapter 53 of the Revised Statutes, that constables may be required to attend on the Circuit Court, seems to have ignored the fact that when that act was adopted there was another law in force requiring constables to attend upon the sessions of the Circuit Court when required, and that the act imposing that duty upon constables was afterward repealed. When said section 41 was enacted in 1872, the legislature could not have intended thereby to require constables to attend on the Circuit Court, for there was another law to that express effect then in force. The repeal in 1874 of the act requiring such service of constables could not have the effect to enlarge the meaning of said section 41 of the act of 1872. The simple fact is, that after the repeal of 1874, constables no longer owed that duty, but the fee formerly provided when the duty existed was left standing in the fee act unrepealed. It is to be noted in this connection that the order of court appointing plaintiff special bailiff to serve this writ did not describe or designate him as constable. The order did not profess to appoint him such special bailiff because of his official character as constable. The court did not profess to be acting under any supposed authority to compel a constable to render that service.

We are also of opinion that this was not such a service as was contemplated by the provision in the act concerning fees and salaries already quoted, giving a constable $2.50 per day for attendance in the Circuit Court. That refers to attendance upon the sessions of court, performing the duties usually required of a tipstaff or court bailiff, such as waiting upon the court when in session, preserving order therein, attending the wants of juries and taking charge of juries when they are not permitted to separate at inter- missions during a trial, and also when they retire to con- sider their verdict. This special bailiff was not required to attend the sessions of the court or to give "attendance in the Circuit Court," or to perform any of those duties which ordinarily devolve upon the bailiff of a court. The service of this writ required plaintiff to travel over the county, to exercise judgment in selecting men who were qualified for jury service, and undoubtedly to travel to the remote parts of the county in order to secure jurors less likely to be disqualified from serving in the pending trial. The panel had been exhausted and the court was waiting, and the service was required to be promptly performed. The officer had to furnish his own conveyance and meet his own expenses during that journey over the county. It is manifest that a *per diem* of $2.50 to a constable attend- ing upon a session of court would not be adequate compen- sation for the service performed by this special bailiff in serving this writ. Defendant recognized this when it ten- dered him $10 in addition to the *per diem*. We are of opinion this was not the service for which the statute in- tended a constable attending a Circuit Court should receive $2.50 per day.

The statutes of this State apparently do not create the office of bailiff nor directly fix the compensation therefor. Section 3 of the Act of March 22, 1819, regulating the prac- tice in the Supreme and Circuit Courts, recognized the ex- istence of the ancient common law office of bailiff when it provided that no counselor or attorney at law, sheriff, under-sheriff, bailiff or other person concerned in the execu-

County of Carroll v. Durham.

tion of process should be permitted to be special bail in any action. By section 1 of chapter 14 of the Revised Statutes of 1845, and by section 5 of chapter 16 of the Revised Statutes of 1874, that provision has been continued in force till the present time. Section 1 of the Act of February 16, 1857, authorized the judge of each judicial circuit to empower the sheriff of each county composing said circuit to employ as many additional bailiffs above the number provided by law as might, in the discretion of such judge, be necessary for the dispatch and disposal of all causes and actions in said court, for which said bailiffs were to be paid $2 per day out of the county treasury. This act was repealed by the general repealing statute of 1874, and does not seem to have been re-enacted. Section 110 of the County Court Act of 1874 enacts, that if the sheriff, coroner or bailiff, is interested in a pending jury case, or if any interested party objects to any sheriff, coroner or bailiff selecting the jury, the court, if it thinks such objection reasonable, shall appoint an impartial bailiff to summon the jury. Section 7 of the Probate Court Act of 1881 authorizes the delivery of a jury venire to the sheriff or coroner, or to any bailiff of the court, who shall summon the jury from the body of the county. These acts do not directly provide that bailiffs shall be appointed in said County and Probate Courts, nor do they say who shall appoint them, nor how much nor by whom they shall be paid. The act establishing the Commission of Claims, and the later act establishing the Court of Claims, each provides for a bailiff to attend such body, and that he be paid $3 per day. So far as our attention has been called, there is no other statute now in force expressly naming bailiffs as officers of court except the one here drawn in question authorizing the court to appoint a special bailiff to summon persons into court to fill a depleted jury panel when either party objects to the sheriff serving such writ. The courts, however, have treated the ancient common law office of bailiff as still in existence in this State, and have recognized the power of the Circuit Court to have bailiffs to serve at the term, either by appointment

by the sheriff or by the court itself. The case of People v. Foster, 133 Ill. 496 (pp. 512, 513), says that the practice, at least, is for the trial judge to certify to the number of bailiffs required, and to the fact of their attendance, and for the sheriff to appoint " such bailiffs for attendance upon the courts as may be necessary and permitted. Because of the requirement of the law that the sheriff shall attend the several courts of his county, which is directory only, it has been deemed advisable that this ancient office of bailiff be perpetuated, that the court in counties having a number of tribunals may have at its bidding a sworn officer to enforce its orders affecting the present business of the court." Guyman v. Burlingame, 36 Ill. 201; McCann v. People, 88 Ill. 103; McWilliams v. Richland County, 16 Ill. App. 333. Section 19 of chapter 125 of the Revised Statutes of 1874, relating to sheriffs, enacts (as did the prior statutes in substance) that " each sheriff shall in person or by deputy attend upon all courts of record held in his county when in session and obey the lawful orders and directions of the court." Similar provisions are found in the several statutes relating to the different courts. The section fixing the fees of sheriffs, from which we have already quoted, further provides, " for attending the Circuit and County Courts, to be allowed, and paid out of the county treasury, $3 per day, and $2 per day when attending County Court sitting for probate business, at the request of the judge, the time to be certified by the judge." That these duties may be performed by bailiffs is recognized in County of LaSalle v. Milligan, 143 Ill. 321, 348. It is there said of such bailiffs, "while they are the sheriff's under-officers, they are not deputy sheriffs, and the fees of bailiffs in no sense belong to or are a part of the earnings of the office of sheriff." It will be observed that the statutes from which we have quoted did not require or even authorize constables to attend the sessions of any court except the Circuit Court, while the decisions and statutes above cited recognize the authority of the County and Probate Courts to have bailiffs in attendance. Where a person not a constable is appointed

County of Carroll v. Durham.

a bailiff by the sheriff and attends the sessions of any
court, we are not aware of any express provision of the
statute for his compensation. Manifestly it was not in-
tended that bailiffs should render gratuitous service. In
County of LaSalle v. Milligan, *supra*, it was said (on page
348) that bailiffs are entitled to $2.50 per day. This seems
not to be based upon any statute to which our attention
has been called, unless the bailiffs there referred to were
in fact constables, attending the sessions of the Circuit
Court, whose fees for that service are fixed at $2.50 per day
by the statute already referred to. Such constables are
not, however, called bailiffs in the statutes. That provision
regarding the *per diem* of constables when they attend the
sessions of the court, does not purport to fix the compensa-
tion of persons, not constables, serving as bailiffs in the
various courts. Bailiffs are not required to serve without
pay. No statute expressly fixes a fee for them. We, there-
fore, are of opinion that regular bailiffs (not constables at-
tending sessions of the Circuit Court) are entitled to the
same compensation the law provides for the sheriff when
he attends upon court in person or by deputy.

But not only was the duty required of the plaintiff in
this case entirely different from that imposed upon the
ordinary court bailiff to attend the sessions of court, but
the special bailiff which the Jury Act requires the court to
appoint to serve a special jury venire when either party
objects to the service thereof by the sheriff, does not mean
the regular bailiff who attends the sessions of the court,
whether constable or not. That act does not provide that
upon objection to the service by the sheriff the duty may
be performed by any of the regular bailiffs in attendance
upon the court. The reason is obvious. The sheriff ap-
points or selects the persons who are to act as bailiffs.
People v. Foster, *supra*. The regular panel of jurors is
drawn from the box by law, and is not selected by the
sheriff. If either party to a pending suit objects to the
sheriff serving a special venire to fill a depleted panel for
the trial of that case, the intention of the statute is that
no bailiff selected by the sheriff shall summon the tales-

men, but that the court shall select some one else to per-
form that duty. If the person selected chance to be a
constable, we have already seen that that fact does not
make it his official duty to serve the writ. There is no
express provision of the statute for any compensation to a
person serving such special venire, when objection has been
made to the service by the sheriff, which of course includes
an objection to service by his deputies and by bailiffs se-
lected by him. It is the theory of the defendant here that
if the statute provides no compensation, then no compensa-
tion is required to be paid, and the service must be gratu-
itous. It is undoubtedly the law that where a regularly
appointed officer having certain compensation provided by
law has cast upon him by law further duties for which no
compensation is provided, he takes the office with that
burden and must perform that service without further com-
pensation than that otherwise attached to the office. But
this principle does not fairly apply to a person appointed
to perform a duty which he is not by law compelled to per-
form. It is essential that the court shall have the power
to obtain a jury. As said in County of LaSalle v. Milligan,
*supra*, on page 342: " The conclusion seems irresistible
that the legislature intended to make the fees for summon-
ing jurors a county charge—and this, it is believed, has
been the uniform construction of this statute by courts and
by county authorities ever since it became the law, July 1,
1872." If, now, it be held that because there is no law fix-
ing specifically a compensation for the special bailiff called
upon to serve such a writ as this, therefore the person
serving it can receive no compensation, the hands of the
court would be practically tied, and its ability to complete
the jury for the pending trial in such case would be very
much abridged, if not entirely destroyed in many cases.
Such a special bailiff is appointed to take the place of the
sheriff, and is authorized to perform a service which the
law casts upon the sheriff and his deputies, and for which
the law provides a compensation, which service no one but
the sheriff and his deputies have legal authority to perform,
except in certain special cases, one of which is where a party

to the suit objects to the sheriff serving the writ. In our judgment the only construction that will give the court adequate power to perform its functions and complete the impaneling of such a jury, is to hold that the special officer appointed by the court to perform the duties of the sheriff in such case, should receive the same fees and mileage which the law gives to the sheriff for summoning such a jury.

But it is said that these fees are not given to the sheriff absolutely, but that they only form the fund out of which the salary fixed for him by the county board and the expenses of his office may be paid, the surplus going to the county, and that for aught we can know in the present case, the other earnings of the sheriff's office had been sufficient to pay the salary of the sheriff and the expenses of his office, so that if the sheriff had served this writ these fees might have been turned into the county treasury, instead of being retained by that officer. This in our judgment furnishes no sufficient objection to paying the special officer the sum fixed by law for the service he has performed. He was not the sheriff nor was he selected or controlled by the sheriff, nor was he required to account for his fees to the county, but he performed under those special circumstances services for which the law had prescribed a certain *per diem* and mileage as the proper and fixed compensation. The statute had only named the sheriff as the officer to receive that compensation for the service, because he was the officer upon whom alone, or upon his deputies, the duty of serving the venire regularly devolved. But we think it a reasonable construction to hold that if, under special circumstances he and his deputies became incompetent to act, the person specially appointed would be entitled to the compensation the statute had provided for that service when performed by the regular officer. The provision requiring the sheriff to pay the county what, if anything, his office earns above his salary, etc., does not make the statute fixing the fees of the sheriff, a revenue act. Revenue for the county is not its purpose. It is fair to presume the legislature considered the fees it

fixed for the various services required by public officers a reasonable compensation therefor. If it should be held that this special bailiff was only entitled to just compensation, no fairer way of determining it could be found than to adopt that which the legislature had fixed for the same service when performed by the officer to whom that duty was ordinarily assigned. There is no statute fixing the fees of a special master in chancery, but we presume no one would doubt that he would be entitled to the same compensation fixed by law for the regular master. Suppose the sheriff and the coroner should be joint defendants in an action at law, and it should become necessary to appoint an elisor to serve the summons, or a special bailiff to fill a depleted panel of jurors for the trial of that case? If such elisor or special bailiff can receive no compensation because the statute does not expressly fix fees or mileage for the performance of those duties by officers specially appointed, then the court would be powerless to cause the summons to be served or the action to be tried unless some one could be found to act gratuitously. We think such a view of the law should be taken as would enable a court to discharge its usual functions in such a case, which might easily arise. It is within the reason, spirit and object of the statute governing fees, that any one who acts in place of the sheriff under special circumstances arising by operation of law (such as a special bailiff, acting in place of the sheriff in a case where the law gives a party to a suit a right to prevent the sheriff from acting), should receive the fees and mileage which the law has attached to that service when performed by the sheriff. That which is within the reason and spirit of the statute may justly be held to be within the statute.

In our judgment the plaintiff properly recovered the exact sum which the statute would have allowed to the sheriff for fees and mileage for serving this writ. It is, therefore, unnecessary to determine whether the tender of a less sum was properly pleaded.

The judgment is affirmed.

*Affirmed.*

Mr. Justice VICKERS, dissenting.