## ALICE MONROE v. EDWIN THULIN AND ANOTHER.[1]

November 21, 1930.

No. 28,062.

*Norton & Norton,* for appellant.
*William E. MacGregor,* for respondent.

HOLT, J.

Appeal by defendant Thulin from the order denying his motion in the alternative for judgment notwithstanding the verdict or a new trial.

[1]Reported in 233 N. W. 241.

Plaintiff sued to recover damages resulting from the alleged fraud and deceit practiced by defendants inducing her to exchange properties with defendant Thulin. Thulin owned a brick apartment on Emerson avenue in the Lowry Hill district of the city of Minneapolis, valued at $40,000, which he traded to plaintiff, subject to a mortgage of $17,000, for her duplex at Pillsbury avenue and Twenty-eighth street and her apartment on Bryant avenue near Forty-sixth street in Minneapolis, subject to mortgages aggregating $11,300; and, according to her claim, her equity in the two properties, above the mortgages, being valued at $15,700, this sum was to be applied or credited upon the purchase price of the Emerson avenue apartment, leaving $7,300 to be paid by her in monthly instalments of $125 per month. Plaintiff had employed Bush to assist her in the trade. She charges that Bush conspired with Thulin to deceive her. Thulin did pay Bush $750 commission, but claims that this was with plaintiff's knowledge. She denies having such knowledge and testified that she paid Bush $300 for the services he rendered her. Bush did not defend and was not a witness at the trial. There was evidence as to two items of damages which the record shows were rejected, the one by the court and the other by the jury, to which no consideration need be given. We refer to the condition of the Emerson apartments not shown to plaintiff but represented to be in the same state of repair as the two shown and the June rents which plaintiff claims defendant agreed she should receive.

The fraud and deceit upon which recovery for plaintiff was made to turn was this: When the parties had agreed to trade upon the valuations and terms above stated the agreement was reduced to writing and signed by both parties, and on the same day, some hours later, plaintiff executed deeds to her properties to Thulin and she executed a contract to buy the Emerson avenue apartment upon monthly payments subject to a $17,000 encumbrance; but the contracts were so drawn that instead of the monthly payments aggregating in all $7,300 they aggregated $13,000, or $5,700 more than agreed.

Plaintiff's version of how the deal was begun and concluded was in substance that she had seen Thulin's advertisement of his Emerson avenue property and telephoned him in regard thereto on Monday, June 16, 1924; that they met personally the next day, viewed two of the then properties involved, talked of the terms of exchange, and on the following day concluded the deal; that she was to take the train for California that evening for a long stay with a son there taken ill; that she was distracted with the many things she had to attend to before train time and so informed defendants; that she had employed defendant Bush to assist her and had agreed to pay him $300 therefor; that she told both defendants that she had not time to read the contracts placed before her for signature but had to rely upon their statements that the agreement for the exchange was truly expressed therein; that relying on their assurance that such was the case she signed them and executed and delivered the deed to the two properties Thulin was to receive; that Bush was to receive her contract and collect the rents for her on the Emerson avenue property during her absence in California; and that on her return months later she had difficulty in obtaining her contract of purchase from Bush, and not until she did obtain it in April, 1925, did she discover the fraud as to the insertion of $13,000 instead of $7,300 as the amount to be paid to boot. Thulin adduced testimony to the effect that plaintiff personally examined and read the contracts, and as to the contract of purchase it was discussed and dictated in her hearing.

From this it is readily seen that the conflict in testimony made it a jury issue whether or not plaintiff, by the deception practiced by defendants, was induced to sign the two contracts for exchange of properties wherein $13,000 was inserted surreptitiously for $7,300 as the amount she obligated herself to pay. The learned counsel for appellant does not really dispute that proposition. Hence if plaintiff proved that she was damaged, judgment notwithstanding the verdict was properly denied.

But appellant insists that plaintiff has not proved damages. We think his counsel is correct in saying that the jury concluded there

was no deception with regard to the condition of the properties and that the parties agreed with open eyes to the valuation of the equity in the property each gave in exchange, so that the jury found that the value of what plaintiff parted with was $15,700 and the value of what she received was $23,000, the mortgages being out of the picture. Therefore the damages, if any, are to be found only in the fact that the contract by which she could get a deed to the Emerson avenue property obligated her to pay $5,700 more than the actual bargain was. And, it is argued, the damages must be assessed as of the date the deal was made; and on that date no part of the $7,300 had been paid, hence no damage. Moreover, the argument is made that the deception here found true would relieve plaintiff from paying more than that sum even though the contract calls for $13,000. And again, it is said plaintiff was entitled to have the contract reformed or to have rescission.

When plaintiff discovered the fraud rescission was not available, for Thulin had before that time conveyed away the properties he received as well as the Emerson avenue apartment, subject to plaintiff's contract. And as to reformation of that contract, plaintiff should not be forced to litigate such issue with Thulin's vendee with whom she had had no dealings. It is not for the wrongdoer to dictate the remedy to be pursued by his victim in order to secure redress. The question then recurs, was plaintiff damaged by her contract to make future payments of $5,700 in excess of the actual amount it should have obligated her to pay?

The authorities are that had the obligation consisted of a negotiable instrument the damage occasioned by obtaining its execution through fraud would be the face value thereof. Thayer v. Manley, 73 N. Y. 305; Metropolitan Elev. Ry. Co. v. Kneeland, 120 N. Y. 134, 24 N. E. 381, 8 L. R. A. 253, 17 A. S. R. 619; Hoffman v. Toft, 70 Or. 488, 142 P. 365 (annotated in 52 L.R.A.[N.S.] 944). Hahl v. Brooks, 213 Ill. 134, 136, 72 N. E. 727, 728, was a suit for damages for fraud and deceit in representing the land conveyed free from encumbrances when there was in fact a mortgage thereon, and it was "argued that the plaintiff could not recover until he

had removed the encumbrance or his title had been swept away by it." The court answered:

"We know of no authority for that proposition. Plaintiff suffered damages to the amount of the encumbrance if the land was sufficient security for it. The amount of the damages was fixed and determined and the right of action accrued at once."

So here, increasing the payments, before title could be obtained, by $5,700 more than they should have been, increased the encumbrance on what plaintiff got by that sum. We are of the opinion that Stearns v. Kennedy, 94 Minn. 439, 103 N. W. 212, is authority for a recovery here. It is unreasonable to say that plaintiff should sit by until she has paid $7,300 in monthly payments of $125 a month before she is damaged or can sue. Not only might she then be met by the claim that payments after discovery of the fraud ratified the contract as written, but also by possible loss of evidence and change in the financial responsibility of defendants. Another consideration worthy of note is this: Appellant in disposing of his interest in the Emerson avenue apartment and plaintiff's contract undoubtedly had the full benefit of plaintiff's obligation to pay the $5,700 which by defendant's deceit had therein been added to the purchase price; and reciprocally plaintiff, in any attempt to dispose of her interests or what she got from appellant by that contract as written, had to offer $5,700 less of value than if it had been written as represented by defendants. We are of opinion that the evidence justifies a recovery of the damages awarded.

Error is also assigned upon the court's charge as to the measure of damages. The general rule applicable to exchange of properties was correctly stated more than once and in accordance with the decisions of this court cited in Nelson v. Gjestrum, 118 Minn. 284, 136 N. W. 858; Townsend v. Jahr, 147 Minn. 30, 179 N. W. 486. But the alleged error is in the answer to a juror's questions when in court, after the case was submitted, asking for further instructions. There was evidently confusion among the jurors as to what the figures $5,700 and $7,300 in the evidence represented. After

the court cleared this quite fully and accurately another juror asked:

"I would like to ask, are we allowed to give a smaller amount than the damages asked, to accept that amount or not?

The Court: "The rule for damages is precisely as I have stated. There is no other rule.

The Juror: "All or none?

The Court: "Yes, it amounts to that."

We think the jury could have understood this to mean nothing else than this: If plaintiff was entitled to a certain sum as damages she should have that amount. It was not a case of giving less than those found under the rule the court had given.

In another aspect of the case no prejudice resulted to appellant. The jury found that the deceit did not relate to the properties exchanged but to the contents of the written contract to purchase Thulin's property, in that as to plaintiff it was worth less by $5,700 than it would have been had the amount of the future payments been correctly stated therein and to appellant it was worth that much more. If the jury found that the deceit practiced related to substitution of figures in the contract, a verdict for the damages returned appears to be almost a necessary result.

The order is, affirmed.