E. E. EARP *et al.*

*v.*

AMERICA D. LILLY.

*Opinion filed October 24, 1905.*

1. DRAM-SHOPS—*when question whether plaintiff was injured in means of support does not arise.* Whether there was any evidence tending to show that the plaintiff in an action under the Dram-shop act was injured in her property or means of support, is a question which cannot be considered by the Supreme Court unless a motion to direct a verdict for the defendant was made in the trial court and proper exception preserved to the court's action thereon.

2. SAME—*when instruction as to several liability is not ground for reversal.* An instruction in an action under section 9 of the Dram-shop act, against the keepers of dram-shops, is not ground for reversal which states that the suit against each defendant is a separate suit and that the verdict must be based upon a preponderance of the evidence, but that the jury "can find the defendants all guilty or all not guilty, or find some guilty and some not guilty, as the evidence may show."

3. SAME—*what tends to show knowledge by defendants that deceased was an habitual drunkard.* In an action against several dram-shop keepers, proof that the plaintiff's husband was drunk frequently, that he frequented the saloons of the defendants and drank liquor therein while intoxicated and was often drunk upon the streets of the village where the defendants lived, tends to show knowledge upon their part that he was an habitual drunkard and will govern an instruction for punitive damages.

4. SAME—*liability under section 9 of Dram-shop act cannot be apportioned.* The liability created by section 9 of the Dram-shop act for making an habitual drunkard out of the plaintiff's husband cannot be apportioned among the several dram-shop keepers, but each one who assisted in bringing about that habitual condition is liable for the acts of the others who contributed, by furnishing intoxicating liquors, to bringing such condition about.

5. SAME—*what does not bar action.* A letter from the plaintiff to one of the defendants in an action under section 9 of the Dram-shop act, in which she complained of her husband's excessive use of liquor, asked aid in his reformation and stated that she did not "object to an occasional drink, if he would drink and go about his business," is not a bar to the action, and can only be considered, at most, in mitigation of damages.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Moultrie county; the Hon. W. C. JOHNS, Judge, presiding.

FINN & McINTOSH, J. C. LEE, and SENTEL & WHITFIELD, for appellants.

ROBERT M. PEADRO, and EDWARD C. & JAMES W. CRAIG, Jr., for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an action on the case commenced by the appellee, against the appellants, in the circuit court of Moultrie county, to recover damages to her property and means of support, under section 9 of the Dram-shop act, in consequence of alleged sales of intoxicating liquors made by the appellants to the husband of appellee. The declaration contained two counts. The first count alleged that the defendants were keepers of dram-shops, and as such sold and gave to John P. Lilly, the husband of the plaintiff, intoxicating liquors and thus caused him to be and become an habitual drunkard, etc., whereby the plaintiff was injured in her means of support; and the second count alleged, in addition to such facts, that said John P. Lilly, in consequence of said habitual intoxication, squandered a large amount of money and property belonging to plaintiff, and that she was thereby injured in her property. The general issue was filed, and a trial resulted in a verdict and judgment in favor of the plaintiff for $2500, which judgment has been affirmed by the Appellate Court for the Third District, and a further appeal has been prosecuted to this court.

It is conceded by the appellants the evidence fairly tends to show that John P. Lilly, the husband of the appellee, was in the habit of getting intoxicated and that the appellants

sold or gave to him intoxicating liquors which caused, in whole or in part, his habitual intoxication, but it is said there is no evidence tending to show appellee has been injured in her property or means of support by reason of such habitual intoxication. The question whether the appellee was injured in her property or means of support in consequence of the habitual intoxication of her husband, produced, in whole or in part, by intoxicating liquors sold to him by the appellants, was a question of fact affirmed on the part of the appellee and denied on the part of the appellants in the pleadings and upon the trial, and that question was decided in the trial court in favor of the appellee, and the judgment of that court has been affirmed by the Appellate Court, and the judgment of the Appellate Court is binding upon this court, as that question cannot be reviewed in this court upon this record in the manner in which it is framed. The question of whether there is any evidence in this record tending to show that appellee was injured in her property or means of support in consequence of the habitual intoxication of her husband can only arise in this court as a question of law when it has been properly preserved for review in this court by a motion in the trial court to instruct the jury to return a verdict in favor of the defendants and the action of the trial court in denying such motion has been preserved for review by proper exceptions. (*Cothran* v. *Ellis,* 125 Ill. 496; *Joliet, Aurora and Northern Railway Co.* v. *Velie,* 140 id. 59; *Chicago and Alton Railroad Co.* v. *Gomes,* 153 id. 208; *Pittsburg, Cincinnati, Chicago and St. Louis Railway Co.* v. *Hewitt,* 202 id. 28; *Chicago Union Traction Co.* v. *O'Donnell,* 211 id. 349; *Streator Independent Telephone· Co.* v. *Continental Telephone Construction Co. ante,* p. 577.) No such motion was made in the trial court. The question of whether there is any evidence in this record tending to support the averment of the declaration that the appellee was injured in her property and means of support in consequence of the habitual intoxication of her husband, caused, in whole

or in part, by the defendants, is not, therefore, preserved for review in this court upon this record.

It is urged the court erred in giving to the jury the first instruction offered on behalf of the appellee, which reads as follows:

"The court instructs the jury that this suit is brought against the various defendants severally, and that the suit against each is a separate suit, and that your verdict must be based upon a preponderance of the evidence; but you can find the defendants all guilty or all not guilty, or find some of them guilty and some not guilty, as the evidence may show."

While this instruction is inartificially drawn, we do not think it misled the jury. They doubtless understood therefrom that they might find a verdict for the plaintiff against all or any number of the defendants, or they might find all the defendants, or any number of them, not guilty, if the evidence justified such finding. They found against the appellants and in favor of the other defendants. The giving of the instruction was not reversible error.

Complaint is also made that the court erred in giving the plaintiff's fifth and sixth instructions. The fifth defined exemplary or punitive damages, and the sixth informed the jury that if they found, from the evidence, the plaintiff had sustained actual damages, then they might give her exemplary or punitive damages if they found, from the evidence, the conduct of the defendants whom they found guilty had been wanton and in willful disregard of the plaintiff's rights. As we understand the position of the appellants, they do not claim either of said instructions is bad in form, but they contend they were improperly given, on the ground there was no evidence upon which to base them, as it is said only one or two of the defendants made sales to John P. Lilly with knowledge that he was an habitual drunkard, and that the guilty knowledge of the defendants making sales with such knowledge ought not to be imputed to the defendants who

made sales to Lilly without such knowledge, which must be the result if exemplary or punitive damages were allowed, as the verdict and judgment must be a unit. We do not think the instructions bear the construction sought to be put upon them by the appellants. The sixth instruction clearly required the jury to find the conduct of all the defendants whom they found guilty to have been wanton and willful before they could allow exemplary or punitive damages. The evidence tended to prove that John P. Lilly was drunk frequently; that he frequented the saloons of the appellants; that he drank intoxicating liquors therein when intoxicated, and that he was drunk repeatedly upon the streets of the village in which he lived and in which the appellants lived and carried on the saloon business. This evidence, while not conclusive, was admissible, and tended to show the husband of the appellee was habitually drunk and that such fact was known by the appellants. It also tended to show that he frequented and drank intoxicating liquors in the several saloons of appellants when he was intoxicated. The law forbids the sale of intoxicating liquors to an habitual drunkard or to a person when intoxicated, and a sale to such person is a sale wantonly and willfully made. (*Kennedy Bros.* v. *Sullivan,* 136 Ill. 94.) It was not necessary that the evidence upon the part of appellee show conclusively that sales of intoxicating liquors were made to her husband by all the appellants with the full knowledge that he was an habitual drunkard. If the evidence fairly tended to establish such fact the appellee had the right to an instruction upon her theory of the case,—that is, if sales of intoxicating liquor had been made to her husband wantonly and willfully by the appellants she was entitled to exemplary damages. "Each party has the right to have the jury instructed upon his theory of the case, if it has a basis in the evidence upon which to rest." (*Chicago Union Traction Co.* v. *Browdy,* 206 Ill. 615.) The court did not err in giving said instructions to the jury.

It is urged the court erred in refusing to give to the jury appellants' third instruction. It appeared that the appellant Goldberg purchased and succeeded to the saloon business of appellant Monroe on the 10th day of May, 1904, some two months and a half prior to the bringing of this suit, and the court was asked to instruct the jury "that Goldberg is not liable in any greater amount than the amount of damages, if any is shown by the evidence, which said plaintiff suffered to her property or means of support between May 10, 1904, and the date of the commencement of this suit, and your verdict for damages in this case cannot exceed that amount." The declaration averred the appellants, who were dram-shop keepers, had caused the husband of the appellee, by sales of intoxicating liquors to him, to be and become an habitual drunkard, whereby the plaintiff was injured in her property and means of support. The wrong complained of by the appellee was the making of her husband an habitual drunkard. The statute (section 9 of the Dram-shop act) provides that any person injured in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action, severally or jointly, against any person or persons who shall, by selling or giving intoxicating liquors, have caused the intoxication, in whole or in part, of such person. It is apparent the liability created by said section for making an habitual drunkard of appellee's husband, and thereby injuring her in her property and means of support, cannot be apportioned between the several dram-shop keepers who furnished the intoxicating liquors which made of him an habitual drunkard, but that each person who assisted in bringing about that habitual condition must be held, under the statute, liable for the acts of all persons who contributed, by the furnishing of intoxicating liquors, to that habitual condition in the husband. The court did not err in declining to give said instruction.

It appears that the appellee wrote a letter to appellant Goldberg on or about the 10th day of May, 1904, which was

introduced in evidence by the appellants, calling his attention
to the condition of her husband, brought about by his exces-
sive use of intoxicating liquors, and asking him to aid her
in his reformation. She said in that letter, "I would not
object to an occasional drink, if he would drink and go about
his business." The appellants asked the court to instruct the
jury if the plaintiff gave permission to any one of the de-
fendants to sell intoxicating liquors to her husband, and
thereafter such defendants sold him intoxicating liquors
which caused his habitual intoxication, in whole or in part,
and which resulted in an injury to her property or means of
support, plaintiff cannot recover. The court declined to give
such instruction, but instructed the jury, at the instance of
appellee, that although they might believe the plaintiff wrote
the defendant Goldberg that she did not object to his sell-
ing her husband intoxicating liquors occasionally, such fact
would not bar her action, but if such fact were proven by a
preponderance of the evidence it might be considered by the
jury, together with the other evidence in the case, in esti-
mating the damages of the plaintiff, if the jury believed,
from the evidence, the plaintiff was entitled to recover dam-
ages. The letter, if the construction placed thereon by the
appellants be conceded to be its true construction, could only
be considered by the jury in mitigation of damages, and not
in bar of the action. (*Hackett* v. *Smelsley,* 77 Ill. 109.) The
court did not err in declining to give the instruction offered
on behalf of the appellants and in giving that offered on be-
half of the appellee.

Finding no reversible error in this record the judgment
of the Appellate Court will be affirmed.

*Judgment affirmed.*