## Charles E. Leverenz, et al., v. Alice J. Stevens.

1. SALE OF INTOXICANTS—*what not defense to action for loss of support occasioned by.* Neither the giving of an order by the wife authorizing the sale of intoxicants by the defendants to her husband, nor the fact that she may have drank with him in the saloon

26

of the defendants, nor the fact that at the time of the sales in question such husband was already an habitual drunkard, consti-. tute defenses to the action by such wife for loss of her means of support.

2. PUNITIVE DAMAGES—*when allowance of, proper.* The allowance of punitive damages in an action under section 9 of the Dram-Shop Act is proper where it appear that intoxicants were sold to the husband of the plaintiff with full knowledge that previously he had been confined to an asylum as insane, that such condition was caused by the excessive use of liquor, and that he had been discharged from such asylum as cured.

Action of trespass on the case. Appeal from the Circuit Court of Vermilion County; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the November term, 1905. Affirmed. Opinion filed February 1, 1906.

BUCKINGHAM & DYSERT and O. M. JONES, for appellants.

GEORGE G. MABUI, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action of trespass on the case by appellee against appellants and others not parties to this appeal, under section 9 of the Dram-Shop Act.

The declaration alleges in substance, that by the selling of liquor to Robert Stevens, husband of appellee, during the period from the year 1900 up to April 10, 1905, the appellants caused him to become habitually intoxicated; that by reason of such intoxication he became impoverished and degraded in mind and body, as well as in his estate, and became insane, and was, on May 28, 1904, adjudged insane and sent to the insane asylum, and that in consequence appellee was injured in her means of support, etc.

A verdict and judgment was rendered against appellants for $1,525.

It is first urged that the verdict is not sustained by the evidence. The evidence establishes that appellee was married to Robert Stevens some twelve or fourteen years ago and that they lived together until May 27, 1904, when by reason of excessive indulgence in intoxicating liquor, Stev-

ens became insane and was taken to the hospital at Kanka-
kee, where he remained until August 18, 1904, when he re-
turned home; that because of his drinking he was returned
to the asylum on September 10, 1904, where he stayed at
the hospital until March 17, 1905; when he returned home
he stayed until May 7, 1905, and again was returned to the
asylum on the account of intoxication, where he still re-
mains.    There is evidence tending to show that after
Stevens' return in March, 1905, appellants each well knew
that he was in the habit of becoming intoxicated, his con-
dition and prior history.    That with such knowledge each
of them sold him liquor that contributed to his further in-
toxication, which resulted in his commitment to the hospital
for the insane for a third time.    They therefore were jointly
liable for the entire damages resulting from his intoxication.

It is insisted that the evidence shows that appellee upon
one occasion drank with her husband in the saloon of ap-
pellant Frawley; that she gave appellant Leverenz a writ-
ten order to let her husband have whatever he wanted to
drink; that she thereby so contributed to her own injury as
to bar a recovery.    Appellee denied that she signed the
order or that she ever drank with her husband at any time in
any saloon.    These facts, even if established, were insuf-
ficient to bar recovery.    They were proper to be considered
by the jury in mitigation of damages only.    Earp v. Lilly,
217 Ill., 588.

The court permitted appellee to testify that her husband
"was a comfort to her when sober."    This ruling is as-
signed as error.    Inasmuch as the declaration counted only
upon appellee's loss of support, his personal conduct to-
ward her, whether ill or otherwise, was immaterial.    We are
satisfied that the error was so slight that the jury were not
influenced thereby.

It is next contended that inasmuch as the sales were all
made at a time when Stevens was an habitual drunkard and
contributing nothing to the support of appellee, there can
be no recovery for loss of support.    Such contention is
wholly unwarranted by the evidence.    That appellants had

the right to assume that reformation by Stevens was no longer possible and that he would or could never again contribute to the support of his wife, and that they were consequently at liberty to sell him liquor at their pleasure, without liability other than under the statute making it a crime to sell to habitual drunkards, is a doctrine so monstrous as to be unworthy of discussion. However remote or even improbable the chance of reformation may have been, appellee had the right to such chance. By continuing to sell to her husband and thus accelerating his degradation and helplessness, appellants not only deprived her of any possible support in the future, but increased the possibility of imposing upon her the legal duty to support him in his helpless and besotted condition. Such burden would manifestly diminish her income, from whatever source derived, and thus amount to an injury to her means of future support.

It is finally urged that the damages are excessive, as including punitive damages. If the jury believed the testimony of appellee, appellants with full knowledge of the prior confinement of Stevens in an asylum, that his condition was caused by the excessive use of liquor, and that he had been twice discharged as cured, sold liquor to him, their acts were manifestly wilful and wanton. We therefore cannot say that punitive damages were improper to be assessed.

The judgment of the Circuit Court is affirmed.

*Affirmed.*