## Caroline Erickson, Appellee, v. Martin Svete et al., Appellants.

### Gen. No. 6,215.

1. PLEADING, § 432*—*when averment laid under videlicet need not be exactly proved.* Where a date is laid under a *videlicet* in counts in a declaration, the plaintiff in an action under the Civil Damage Act, sec. 9 (J. & A. ¶ 4609), to recover damages for loss to her means of support because of the death of her husband from the use of intoxicating liquors sold by defendants, is not confined by such counts to proof of sales of liquor on such date.

2. INTOXICATING LIQUORS, § 228*—*when evidence sufficient to sustain finding that deceased died as a result of habitual intoxication.* In an action by a wife under the Civil Damage Act, sec. 9 (J. & A. ¶ 4609), to recover damages for loss to her means of support because of the death of her husband, alleged to be due to the use of intoxicating liquor sold by defendants to decedent, evidence *held* sufficient to sustain a finding that decedent died as a result of habitual intoxication.

3. INTOXICATING LIQUORS, § 229*—*when evidence sufficient to show loss to means of support of wife.* In an action by a wife under the Civil Damage Act, sec. 9 (J. & A. ¶ 4609), to recover damages for loss to her means of support because of the death of her husband from the use of intoxicating liquor sold by defendants, proof that the husband died from the use of intoxicating liquor, especially when accompanied by further proof that plaintiff was dependent upon decedent, *held* sufficient to show loss to her means of support.

4. INTOXICATING LIQUORS, § 181*—*when furnishing of money to husband to buy liquor no bar to right of recovery by wife for loss to her means of support.* The fact that a wife furnishes money to her husband with which to buy liquor does not bar her right of recovery for loss to her means of support due to his habitual intoxication and death from the use of such liquor, in an action under the Civil Damage Act, sec. 9 (J. & A. ¶ 4609), but may be used in mitigation of damages.

5. APPEAL AND ERROR, § 1245*—*when party objecting to evidence may not complain that fact not proved.* Where a party prevents proof by his objection or procures its exclusion, he cannot object that a fact is not proved.

6. INTOXICATING LIQUORS, § 225*—*where evidence sufficient to show that wife not precluded from recovery of damages for loss to*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*means of support.* In an action by a wife under the Civil Damage Act, sec. 9 (J. & A. ¶ 4609), to recover damages for loss to her means of support due to the habitual intoxication and death of her husband caused by the use of liquor furnished by defendants, evidence *held* sufficient to sustain a finding that plaintiff had done nothing which barred her from the recovery of damages.

7. INTOXICATING LIQUORS, § 246*—*when furnishing of money to husband with which to purchase, considered only in mitigation of damages.* The furnishing by a wife of money to her husband to buy liquor may be considered only in mitigation of damages, in an action for damages for loss to her means of support, under the Civil Damage Act, sec. 9 (J. & A. ¶ 4609).

Appeal from the Circuit Court of Lake county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed February 8, 1916.

MARTIN C. DECKER and GEORGE W. FIELD, for appellants.

R. J. DADY and A. V. SMITH, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

On January 18, 1914, Peter Erickson died. On September 10, 1914, his widow, Caroline Erickson, began this suit against certain saloon keepers under section 9 of the Dramshop Act (J. & A. ¶ 4609). By additional summons and amended declaration this became a suit against Martin Svete and Frances Svete, his wife, and John Walente and Rosalie Walente, his wife. The men were saloon keepers, and it was alleged that each wife owned the building where her husband's saloon was conducted and knew of and assented to its use for that purpose. It turned out during the trial that during the period in question Mrs. Svete did own the building wherein her husband conducted a saloon and

that Mrs. Walente did not own the building in which her husband conducted a saloon. Thereupon the suit was dismissed as to Mrs. Walente. The first and second counts of the declaration charge that the defendants Svete and Walente sold intoxicating liquor to Erickson on January 18, 1914, and thereby produced his intoxication and caused his death, and it is argued that under these counts there could only be proof of sales of liquor on that day. The record shows, though the abstract does not, that said date was laid under a *videlicet* and therefore appellee was not confined by those counts to proof of sales on that particular date. *Rose v. Mutual Life Ins. Co.*, 144 Ill. App. 434. The third and fourth counts charged that the defendants gave and sold intoxicating liquor to Erickson during the period of nearly five years preceding his death and thereby caused him to become habitually intoxicated, and that he thereby wasted and squandered his property and became greatly impoverished and degraded in mind and body, and in consequence of said habitual intoxication came to his death. The jury returned a verdict finding the defendants guilty and assessing plaintiff's actual damages at $1,500 and her exemplary damages at $500, and assessing $750 against Walente, $750 against Svete and $500 against Frances Svete. The court thereupon in writing instructed the jury that they could not find a verdict in several amounts against different defendants, but that their verdict, if any, should be for a lump sum against all defendants found guilty, and they then retired and returned a verdict assessing appellee's damages at $2,000. On a motion for a new trial, at the suggestion of the court, appellee entered a remittitur of $500. Motions for a new trial and in arrest of judgment were denied, and there was a judgment against defendants for $1,500 and costs. Svete and wife prosecute this appeal therefrom, and contend that the evidence shows that Erickson did not die as a result of intoxication; that there is no proof

that appellee was injured in person or property or means of support in consequence of the intoxication of her husband; and that appellee procured and furnished liquor to her husband and the doctrine of contributory negligence precludes a recovery by her.

Deceased was fifty-two years old at his death and his wife was sixty-four or sixty-five years old. He was a wire drawer in a wire mill and worked nights. When they were first married he did not drink at all. He then drank slightly and moderately. For the last five years of his life he drank very heavily. He was accustomed to come home in the morning with a pail of beer and a bottle of whisky, which he consumed, and frequently got a second allowance during the day. He was often drunk, especially Saturday nights and Sundays. Sometimes he was sent home by the man over him because he was so drunk that he was unfit to work. Sometimes he was required to lay off for a week in order to sober up. The physicians who made a post mortem found his heart, kidneys, liver and spleen very much enlarged. They testified that he died of chronic alcoholism. On the day of his death he came home at four o'clock in the morning, complaining that he was ill, and slept until seven o'clock and then went out and got beer and whisky and drank it, slept a while longer, went and got liquor again and drank it, and died in bed at one o'clock in the afternoon. Walente testified that Erickson had only drank in his saloon three or four times, and the last time was more than six months before he died. There were numerous witnesses who swore to seeing Erickson get liquor in that saloon at various times, and several of the witnesses testified to seeing him drinking liquor there the month before he died. Svete and wife testified that he had obtained liquor in their saloon almost daily for the preceding five years and often more than once a day. The jury could not have found otherwise than that he died as a result of habitual intoxication and chronic alcoholism.

*Betting v. Hobbett,* 142 Ill. 72, and cases there cited, show that the jury are authorized to infer loss to plaintiff's means of support from proof of the husband's death alone. Moreover, appellee here proved her husband's employment and wages and that a certain portion thereof he gave to her with which to run the household. She was an old woman and obviously dependent upon her husband for support.

Several witnesses testified that appellee on various occasions had come to the saloon and obtained beer or whisky for her husband and taken it home to him. She denied this, but admitted that she had given him money out of his earnings with which to buy beer and whisky, and she undertook to tell that she did it because she was afraid of her life; that he had threatened to kill and would kill her if she did not comply, and she sought to prove by others that he was extremely ugly to his wife when she sought to interfere with his drinking. The court sustained objections by appellants to most of this class of testimony and excluded a part of it, and yet instructed the jury at the request of appellants that though the evidence established the case charged by appellee, yet if they found from the evidence that appellee procured and furnished intoxicating liquor to her husband, which materially assisted to form his habit of intoxication or to keep up his habit of intoxication, then she could not recover, unless the jury believed that she procured and furnished such liquor for her husband while she stood in fear of receiving physical injury from him if she refused to do so. There is some evidence still left in the record that deceased was a man of violent temper, and that appellee was governed by fear of him in whatever she may have done in the way of bringing liquor to the house during the last five years of his life. But, where a party prevents proof by his objection, or procures its exclusion, he cannot object that such a fact is not

proved. *Hahl v. Brooks,* 213 Ill. 134; *Hepler v. People,* 226 Ill. 275; *Owen v. Crumbaugh,* 228 Ill. 380. Therefore, this case must be treated as if appellee made the proof which she sought to make, if said instruction stated the law correctly. But we understand the law in this State to be that, in such a case, conduct of the wife sanctioning the use of liquor by her husband does not bar her from a suit against those who have sold him liquor and procured his habitual intoxication and death, and loss thereby to her means of support, but may be used in mitigation of damages. *Hackett v. Smelsley,* 77 Ill. 109; *Earp v. Lilly,* 217 Ill. 582; *Leverenz v. Stevens,* 124 Ill. App. 401. Appellee testified that she went to Svete and Walente and requested them not to sell liquor to her husband and that they each promised not to do it. They testified that she told them that when he had the money she was willing they should sell him the liquor. She denied this and testified that what she said was that when he went into a saloon and ordered liquor and had the money to pay for it, she could not prevent it. We are of opinion that the jury were warranted in finding that appellee had done nothing which barred her from recovering damages.

As the judgment should not be reversed for any cause set up in appellant's brief, it is therefore affirmed, and the cost of the additional abstract will be taxed against appellants.

*Judgment affirmed.*