## Evelyn Jean Brady, Appellee, v. Metropolitan Life Insurance Company, Appellant.
### Gen. No. 10,097.

Opinion filed February 14, 1947. Rehearing denied May 7, 1947. Released for publication May 8, 1947.

WILLIAM M. WALKER and EAGLE & EAGLE, all of Rock Island, for appellant.

FRANCIS J. COYLE, of Rock Island, LOUIS F. KNOBLOCK, and JACK, SEIDENBERG & KLATT, all of Peoria, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

On May 12, 1941, Evelyn Jean Brady filed a complaint in equity in the circuit court of Rock Island county, Illinois, in which she alleged the issuance, by the defendant appellant, Metropolitan Life Insurance Company, of five supplementary contracts of insurance aggregating $26,000, which the defendant company agreed to pay to the plaintiff, (as a beneficiary under said policies,) in the event that the death of Joseph L. Katz occurred as a result, and in consequence of bodily injuries, effected solely through external, violent and accidental means. Said payments were to be in the sum of $101.14 per month commencing as of

the date of the death of said Joseph L. Katz, and continuing so long as Evelyn Jean Brady should live. Copies of the insurance contracts were attached to, and made a part of the complaint.

It is alleged that plaintiff has no adequate remedy at law and that plaintiff would be required to institute numerous actions at law to collect from defendant herein the monthly payments of money due her from defendant, and that a multiplicity of suits would therefore be required to enforce plaintiff's rights under said supplementary contracts or agreements.

The complaint further alleged that said contracts of insurance were in full force and effect on June 20, 1940, and that Joseph L. Katz came to his death on said date as a result of bodily injuries effected on that date, solely through external, violent and accidental means, but that the defendant company had not paid to the plaintiff, the said sum of $101.14, per month as provided in said supplemental contracts, and denied its liability to do so.

The answer filed by the defendant company admitted the issuance of the contracts of insurance, and that they were in full force and effect on June 20, 1940, and that Joseph L. Katz died on said date. They admitted that the defendant company had denied liability to the plaintiff and refused to pay anything under said contract, because said Joseph L. Katz did not depart this life on June 20, 1940, as a result of bodily injuries effected solely from external, violent and accidental means. The answer further alleged as a matter of affirmative defense, "That Joseph L. Katz committed suicide, and that his death did not result from accident."

The case was submitted to the trial court without a jury. Evidence was heard, and at the conclusion thereof, both sides to the litigation submitted briefs to the court. After considering the evidence and briefs, he found the issues in favor of the plaintiff,

and that the death of Joseph L. Katz was caused solely through external, violent and accidental means. A decree was entered in conformity with the court's finding. From this decree, an appeal has been prosecuted to this court.

The abstract discloses that Joseph L. Katz was found dead of carbon monoxide poisoning, on the floor of the garage in the basement of his home in Rock Island, Illinois, at about 6:30 a. m. on June 20, 1940. The garage had two stalls with a ceiling of about seven and one half feet. The doors opened overhead, and were located at the north side of the garage. There were two small windows near the top of the ceiling about two and one half feet square. There was a door leading from the garage to the residence part of the home.

Dora G. Katz, the widow of Joseph L. Katz, was awakened by the family dog, and went downstairs to the basement to investigate, and discovered the body of her husband lying dead on the floor of the garage. The deceased was lying by the side of his car, his hands had grease upon them, his coat was off, and his sleeves rolled up. The hood of the car was up, the air filter had been taken off, and several tools were lying about. The motor of the car was running. The doors of the garage were closed. The basement was filled with smoke, and the gas could be smelled at the top of the steps.

The evidence further shows that the deceased stated on the evening of June 19, he was going to make an early start on a business trip in Peoria; that the deceased had a great deal of experience with the operation and minor repairs of cars, and that he had driven for more than 20 years. There is some conflict in regard to whether the windows on the south side of the garage were open, or closed, and some dispute as to whether there were any bruises on the head of the deceased. One witness described it as a bruise. An-

other, a bump on the head. It is undisputed that at the time of the death of Joseph L. Katz, he was hopelessly insolvent and that many of his creditors were demanding payment, and that criminal action had been threatened against him in some of his security transactions. There is also some evidence that Mr. Katz had stated before he would go to jail, he would jump in the Mississippi River. These statements were made in January 1940.

The evidence discloses that on the morning of June 20, 1940, Mr. Katz arose about five o'clock, took a shower, shaved and fully clothed himself, went downstairs to his library where he turned on the radio, and read the morning paper, and again told his wife that in a short time he was leaving for Peoria; that Mrs. Katz afterwards went upstairs to bed, and went to sleep, and was later awakened by one of the dogs jumping upon the bed and licking her hand, and that she then went down and discovered her husband lying on the basement floor.

Some of the evidence tended to show that prior to his death, Mr. Katz had transacted business in his usual way, and that persons who knew him saw no noticeable change in his mental condition, demeanor, or conduct. On the contrary, there is evidence tending to show that he was nervous and irritable around the office.

The appellant in the first paragraph of its brief, states: ''The real issue in the case at bar, is whether the death of Joseph L. Katz was the result of accident, or the result of suicide.'' The appellant has cited numerous cases as sustaining their contention, that the evidence shows that the deceased committed suicide, and state the rules of law relative to the burden of proof, etc., in such cases. The appellee has likewise cited numerous cases as sustaining their contention that the evidence was such that the trial court properly found that the deceased did not commit suicide.

It is conceded that the deceased came to his death by carbon monoxide gas poisoning. In the case of *Consumers Co. v. Industrial Commission*, 364 Ill. 145, 148, we find the following: ''In the absence of evidence to the contrary it is presumed that the love of life and instinct for self-preservation are present in every man. In cases where a state of facts exists upon which a theory of suicide or a theory of accident might otherwise be equally probable, the theory of accident will prevail.'' In the case of *International Life Ins. Co. v. Carroll*, 17 Fed. (2d) 42, the insured was a federal judge for the western district of Tennessee. He was hopelessly involved financially, and had been indicted a few days before his death, for the crime of forgery. He was a skillful automobile driver, and had driven a car for a number of years. He was threatened with disbarment proceedings, and made a new will shortly before his death. Shortly before he had the accident, which caused his death, he was seen driving at a moderate rate of speed, and it was later found that the steering gear of the car was in good condition. The car overturned in a ditch with about three feet of water, and he was found dead under the car in the ditch. The court in this case, found that the evidence did not support the contention of the insurance company that the deceased had committed suicide. They followed the rule, as announced in the *Consumers Co. v. Industrial Commission, supra,* namely, in cases where a state of facts exists upon which a theory of suicide or a theory of accident might otherwise be equally probable, the theory of accident will prevail.

In the present case, the chancellor heard and saw the witnesses testify, and it was his province to weigh and consider the testimony of each and every witness, and he was in a much better position to judge the credibility of the various witnesses than a court of review, and unless this court can say that the finding of the chancellor was against the manifest weight of

the evidence, the judgment should be affirmed. It must be conceded in this case that the evidence for, and against suicide, is nearly evenly balanced, but we cannot say that the finding of the chancellor is against the manifest weight of the evidence.

The appellant claims the trial court erred in refusing to admit in evidence certain exhibits that were offered by them, and it is claimed that these exhibits tended to sustain their contention that the deceased committed suicide. Whether the court did, or did not err in the rejection of the various exhibits, becomes unimportant in this appeal. The appellant has called our attention to the case of *Erickson v. Svete,* 200 Ill. App. 151, where it is there stated that if the trial court improperly excluded evidence, a court of review will consider the record as though said evidence had been admitted.

We have examined the various exhibits, and it is our conclusion that if the trial court had considered them, his findings would have been the same. It is stated in *Shedd v. Seefeld,* 230 Ill. 118: "This being a chancery proceeding, any error (with reference to the admission or exclusion of evidence) is unimportant if there is competent evidence in the record sufficient to support the decree, and the evidence which ought to have been considered, would not, if considered, change the result." To the same effect is *Allen v. McGill,* 311 Ill. 170.

It is our conclusion that considering the whole case, the evidence preponderates in favor of the trial court's finding that the deceased, Joseph L. Katz, did not commit suicide, and the decree of the trial court should be affirmed.

*Decree affirmed.*